IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Wendi Helen Crout, ) | C/A No.: 8:13-cv-01440-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Carolyn W. Colvin, Acting Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

The plaintiff, Wendi Helen Crout, brought this action pursuant to § 205(g) of the Social Security Act, as amended, 42 U.S.C. §§ 405(g), to obtain judicial review of the final decision of the Commissioner of Social Security denying her claim for disability insurance benefits (DIB) and supplemental security income benefits (SSI) under Title XVI of the Social Security Act.

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 405(g) of that Act provides: "[T]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964); *see*, *e.g.*, *Daniel v. Gardner*, 404 F.2d 889 (4th Cir. 1968); *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966); *Tyler v. Weinberger*, 409 F. Supp. 776 (E.D. Va. 1976). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *See*, *e.g.*, *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299 (4th Cir. 1968). "[T]he court [must] uphold the [Commissioner's] decision even should the court disagree with such decision

1

as long as it is supported by 'substantial evidence.'" *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). As noted by Judge Sobeloff in *Flack v.Cohen*, 413 F.2d 278 (4th Cir. 1969), "[f]rom this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Id.* at 279. "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

Plaintiff applied for DIB on April 16, 2010, alleging disability as of January 11, 2010 due to a pinched nerve in her lower back and left leg, depression, anxiety, diabetes, high cholesterol, lumbar degenerative disc disease, and GERD. (Tr. 343) She filed an application for SSI benefits on July 6, 2010, alleging the same onset date. Plaintiff's claims were denied initially and upon reconsideration. The plaintiff then requested a hearing before an administrative law judge ("ALJ"), which was held on April 18, 2012. The ALJ thereafter denied plaintiff's claims in a decision issued May 21, 2012. The Appeals Council received as additional evidence as Exhibit 10E a statement of contentions dated August 3, 2012 from the claimant's attorney. However, the Appeals Council denied the request for review. The ALJ's findings became the final decision of the Commissioner of Social Security. Plaintiff has now appealed to the federal court.

The claimant was 43 years old when the application was filed. She completed the eleventh grade in school and has a GED. Her past work experience includes employment as a nursery school attendant and cashier.

Under the Social Security Act, the plaintiff's eligibility for benefits hinges on whether she "is under a disability." 42 U.S.C. § 423(a)(1)(D). The term "disability" is defined as the "inability to

engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . " *Id*. at § 423(d)(1)(A). The burden is on the claimant to establish such disability. *Preston v. Heckler*, 769 F.2d 988, 990 n.\* (4th Cir. 1985). A claimant may establish a *prima facie* case of disability based solely upon medical evidence by demonstrating that her impairments meet or equal the medical criteria set forth in Appendix 1 of Subpart P. 20 C.F.R. § 404.1520(d).

If such a showing is not possible, a claimant may also establish a *prima facie* case of disability by proving that she could not perform her customary occupation as the result of physical or mental impairments. *Taylor v. Weinberger*, 512 F.2d 664 (4th Cir. 1975). Because this approach is premised on the claimant's inability to resolve the question solely on medical considerations, it then becomes necessary to consider the medical evidence in conjunction with certain "vocational factors." 20 C.F.R. § 404.1560(b). These factors include the individual's (1) "residual functional capacity," *id*. at § 404.1561; (2) age, *id*. at § 404.1563; (3) education, *id*. at § 404.1564; (4) work experience, *id*. at § 404.1565; and (5) the existence of work "in significant numbers in the national economy" that the individual can perform, *id*. at § 404.1561. If the assessment of the claimant's residual functional capacity leads to the conclusion that she can no longer perform her previous work, it must be determined whether the claimant can do some other type of work, taking into account remaining vocational factors. *Id*. at § 404.1561. The interrelation between these vocational factors is governed by Appendix 2 of Subpart P. Thus, according to the sequence of evaluation suggested by 20 C.F.R. § 404.1520, it must be determined: (1) whether the claimant is currently gainfully employed, (2) whether she suffers from some physical or mental impairment, (3) whether that impairment meets or equals the

criteria of Appendix 1, (4) whether, if those criteria are not met, the impairment prevents her from returning to her previous work, and (5) whether the impairment prevents her from performing some other available work.

The ALJ made the following findings in this case:

(1) The claimant meets the insured status requirements of the Social Security Act through March 31, 2014.

(2) The claimant has not engaged in substantial gainful activity since January 11, 2010, the alleged onset date. (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

(3) The claimant has the following severe impairments: lumbar degenerative disc disease and depression (20 CFR 404.1520(c) and 416.920(c)).

(4) The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

(5) After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except no work on rough or uneven surfaces; occasional pushing; pulling with the left leg; the need for a cane for ambulation; occasional climbing of ramps or stairs; occasional stooping and crouching; no climbing of ladders, ropes, or scaffolds; no kneeling or crawling; avoidance of all exposure to vibration, heights, and dangerous machinery; and because of pain, side effects of medication and depression, she would be restricted to routine, simple work.

(6) The claimant is unable to perform any past relevant work (20 CFR § 404.1565 and 416.965).

(7) The claimant was born on April 7, 1967 and was 42 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

(8) The claimant has at least a high school education and is
able to communicate in English (20 CFR 404.1564 and 416.964).

(9) Transferability of job skills is not material to the
determination of disability because using the Medical-
Vocational Rules as a framework supports a finding that the
claimant is "not disabled," whether or not the claimant has
transferable job skills (See SSR 82-41 and 20 CFR Part 404,
Subpart P, Appendix 2).

(10) Considering the claimant's age, education, work
experience, and residual functional capacity, there are jobs that
exist in significant numbers in the national economy that the
claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969,
and 416.969(a)).

(11) The claimant has not been under a disability, as defined
in the Social Security Act, from January 11, 2010, through the
date of this decision (20 CFR 404.1520(g) and 416.920(g)).
(Tr. pp. 17-26)

Pursuant to Local Civil Rule 83.VII.02(A), D.S.C, this action was referred to a United States Magistrate Judge. On July 24, 2014, Magistrate Judge Jacquelyn D. Austin filed a report and recommendation ("R&R") suggesting that the decision of the Commissioner should be affirmed. The plaintiff timely filed objections to the R&R on August 7, 2014. The defendant filed a response to plaintiff's objections on August 20, 2014.

The Magistrate Judge concluded that the record contains substantial evidence to support the conclusion of the Commissioner that the plaintiff was not disabled within the meaning of the Social Security Act during the relevant time period.

> The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). A district court "shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also Camby v. Davis*, 718 F.2d 198, 200 (4th Cir.1983). "By contrast,

in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (*quoting* Fed.R.Civ.P. 72 advisory committee's note).  De novo review is also not required "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982) (citations omitted). The district court need not review issues that are beyond the subject of an objection. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Camby*, 718 F.2d at 200. Upon careful review of the record, the district court may accept, reject, or modify the findings or recommendations made by the magistrate judge. *Camby*, 718 F.2d at 200.

Plaintiff alleges that the ALJ failed to properly question the vocational expert (VE) concerning whether her testimony was consistent with the Dictionary of Occupational Titles (DOT) as required by SSR 00-4p.  She also asserts that the ALJ erred in failing to consider the effects of Plaintiff's obesity, when combined with her severe impairments.

**ALJ's Questioning of VE**

Plaintiff asserts that the RFC did not contain a sit/stand option; that the VE nevertheless testified concerning jobs that required a sit/stand option; and that SSR 00-4p applies regardless of whether the inconsistency between vocational expert testimony and the DOT is contained in the RFC determination or the initial hypothetical question to the VE.

In the case at bar, the ALJ posed a hypothetical to the VE which was consistent with the RFC:

All right. I want you to consider a younger individual . . . with a
GED, first hypothetical would put this person at a range of light exertion as
defined by Social Security. In addition, this person should not be engaged in
work on rough or uneven surfaces, with only occasional pushing or pulling
with her left leg. No climbing of ladders, ropes or scaffolds, no kneeling or
crawling. She can, on occasion, climb ramps and stairs, stoop and crouch.
She needs to avoid work around vibration. No work around heights,
dangerous machinery. I think, based on the testimony and the testing in the
file, I will indicate the person would need a cane to ambulate.
She does suffer from a degree of pain, side effects of medication and

depression, would result in a range of routine, simple work. Do those combination of limitations rule out past work in your opinion, Ms. Sanders?

(Tr. pp. 377-378)

In response, the VE provided several jobs that the claimant would be able to perform and noted that "[t]hese are people that would have a bench, sit/stand option." (Tr. P. 378) The ALJ then asked the VE if any of the jobs would allow an employee to alternate sitting and standing. The VE responded affirmatively. The ALJ then asked the VE if her testimony regarding skill and exertional levels was consistent with the DOT. The VE responded: "Yes, Your Honor. Except where it's specified in the past relevant work."

> Social Security Ruling 00-4p provides in pertinent part:
>
> When a [vocational expert ("VE")] . . . provides evidence about the requirements of a job or occupation, the adjudicator has an affirmative responsibility to ask about any possible conflict between that VE . . . evidence and information provided in the ("DOT"). In these situations, the adjudicator will:
> Ask the VE . . . if the evidence he or she has provided conflicts with information provided in the DOT; and
> If the VE's . . . evidence appears to conflict with the DOT, the adjudicator will obtain a reasonable explanation for the apparent conflict.
> When vocational evidence provided by a VE . . . is not consistent with information in the DOT, the adjudicator must resolve this conflict before relying on the VE. . . evidence to support a determination or decision that the individual is or is not disabled. The adjudicator will explain in the determination or decision how he or she resolved the conflict. The adjudicator must explain the resolution of the conflict irrespective of how the conflict was identified.

SSR 00-4p, 200 WL 1898704, at *4.

> The Magistrate Judge found:
>
> As an initial matter, the ALJ posed a hypothetical to the VE that accounted for all of Plaintiff's credible limitations and the VE, upon considering these limitations, found that Plaintiff could perform multiple jobs. After providing an adequate hypothetical, the ALJ asked the VE, and the VE confirmed, that her testimony regarding the skill and exertional levels of the jobs that Plaintiff could perform was consistent with the DOT. The ALJ met his duty to provide a proper hypothetical and to inquire regarding the

> consistency of the VE's testimony with the DOT; accordingly, the ALJ was entitled to rely on the VE's testimony. . .
> While Plaintiff takes issue with the VE's failure to testify regarding whether a sit/stand option was consistent with the DOT, the ALJ did not include a sit/stand option in the RFC. Thus, any failure to explain the consistency of the sit/stand option with the DOT is of no moment since such a limitation as not included in the RFC. Accordingly, the Court finds no error in the ALJ's reliance on the VE's testimony.

The Court agrees with the analysis of this issue by the Magistrate Judge and finds no error.

**Combination of Impairments**

The plaintiff asserts that the ALJ erred in failing to give consideration to the effects of obesity on her depression, her pain, or her ability to sustain employment, citing *Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir. 1989). She also objects to the ALJ describing her back problems "under a general 'degenerative disc disease' label." (ECF No. 18, p. 2)

Reading the ALJ decision as a whole, it is clear that the ALJ considered the combined effect of the claimant's impairments. He made a detailed analysis of Plaintiff's impairments, alleged symptoms, and medical records. Substantial evidence supports the ALJ's findings that Plaintiff's obesity did not prevent her from performing substantial gainful activity in the past and that the evidence did not support her assertion that obesity significantly affected her functioning.

With regard to her back impairments, although the ALJ described them at Step Two as "degenerative disc disease", he thoroughly discussed her back condition and resulting limitations at Step Four. He restricted her exertion and postural movements, and indicated that she required a cane, due to her back condition.

The ALJ properly considered the claimant's combination of impairments, and his findings are supported by substantial evidence.

**Conclusion**

On the record before it, this court must overrule all objections and agree with the Magistrate Judge's recommended disposition of this case. After carefully reviewing the record in this matter, the applicable law, and the positions of the parties, the court is constrained to adopt the recommendation of the Magistrate Judge and accept the determination of the Commissioner that the plaintiff is not disabled.

For the foregoing reasons, all objections are overruled; the report and recommendation of the magistrate judge is incorporated herein by reference; and the decision of the Commissioner denying benefits is hereby affirmed.

**IT IS SO ORDERED**

s/R. Bryan Harwell
R. Bryan Harwell
United States District Judge

September 29, 2014
Florence, South Carolina